FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 2 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARY GILLEY | ) |
| | ) |
| and | ) |
| | ) |
| ESTTER LOTT | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE |
| | ) NO. 1:12-CV-2020 |
| A-PLUS COMMUNITY | ) |
| SOLUTIONS, INC. | ) |
| | ) |
| and | ) |
| | ) |
| LARRY J. MORROW | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs, Mary Gilley and Estter Lott, through their undersigned attorney, files

this Complaint against Defendants, A-PLUS Community Solutions, Inc. ("A-PLUS") and

Larry J. Morrow ("Morrow") and states as follows:

### PARTIES

1.

Plaintiffs Gilley and Lott were employed by Defendant A-PLUS beginning on or

about June 15, 2009 and August 1, 2010, respectively and remained employed until they

were notified of their termination on or about March 27, 2012.

1

2.

Defendant A-PLUS is a corporation organized under the laws of the State of Georgia, doing business within the State of Georgia, with its principal place of business located at 260 Peachtree Street, Suite 2200, Atlanta, Georgia 30303, Fulton County.

3.

Defendant Morrow is the owner and Chief Executive Officer of Defendant A-PLUS and resides at 252 Creel Chase NW, Kennesaw, Georgia 30144, Cobb County.

4.

Defendant A-PLUS and Defendant Morrow are employers within the meaning of the Fair Labor Standards Act.

5.

Plaintiff Gilley is a resident of Dekalb County and Plaintiff Lott is a resident of Fulton County.

## JURISDICTION AND VENUE

6.

This action arises pursuant to 29 U.S.C. § 201, et seq., of the Fair Labor Standards Act ("FLSA"). Plaintiffs invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 and invoke Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

7.

Venue is appropriate in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) since: (1) the Defendants conduct business in the judicial district, (2) the

2

unlawful conduct giving rise to the claims occurred in the judicial district, and (3) the Defendants may be served with process in the judicial district.

COUNT I

Violation of the Fair Labor Standards Act – Failure to Pay Minimum Wage

8.

Plaintiff Gilley worked for Defendant A-PLUS as the Senior Executive Assistant to the Chief Executive Officer and Plaintiff Lott worked for Defendant A-PLUS initially as the Chief Information Officer and Vice President of Community Relations and then as the Vice President, Program Management.

9.

Beginning on or about December 15, 2011 and continuing through March 31, 2012, Defendant A-PLUS ceased paying the Plaintiffs, even though the Plaintiffs continued to perform their duties.

10.

Despite numerous requests for payment by the Plaintiffs and agreements by Defendants A-PLUS and Morrow to pay, Plaintiffs, as of the date of the filing of this action, have not been paid.

11.

Defendants' failure to pay Plaintiffs is in violation of the minimum wage requirements of the FLSA.

12.

Defendant Morrow as owner and Chief Executive Officer of the Defendant A-PLUS was responsible for supervision and payment of Plaintiffs and the other employees

3

of Defendant A-PLUS and therefore is responsible jointly and severally along with

Defendant A-PLUS for any violation of the FLSA.

13.

Defendants' acts were willful in nature and the Defendants did not act in good

faith or in an objectively reasonable manner.

14.

Plaintiffs have suffered direct pecuniary losses as a result of Defendants' above-

described violations of the FLSA.

WHEREFORE, Plaintiffs request that this Court:

(a)   Declare Defendants' conduct to be in violation of the Plaintiffs'

      FLSA rights;

(b)   Enjoin Defendants from engaging in such future conduct;

(c)   Award the Plaintiff minimum wage payments for the time period in

      question;

(d)   Award costs and attorney's fees;

(e)   Award liquidated damages;

(f)   Award pre- and post-judgment interest; and

(g)   Grant such other and further relief as may be deemed just and proper by

      this Court and to which Plaintiff is entitled under the statute.

## COUNT II

### Breach of Contract

15.

Paragraphs 1 through 10 are incorporated herein by reference.

4

16.

Plaintiff Gilley and Plaintiff Lott each entered into a written Employment Agreement with Defendant A-PLUS that, among other things, stated: (i) the amount they were to be paid; (ii) the amount and nature of the other benefits and compensation to which they were entitled; and (iii) the severance benefits to which they are entitled, including salary continuation, in the event they were terminated "without cause".

17.

On or about March 27, 2012, Defendants notified the Plaintiffs in writing that their employment was being terminated due to market conditions. No allegations giving rise to a termination "for cause" were stated in the letter or at any time.

18.

Defendant A-PLUS has materially breached the Employment Agreements between it and the Plaintiffs.

19.

As a result of Defendant A-PLUS's material breaches of the Employment Agreements, Plaintiffs have suffered damages.

20.

Defendant A-PLUS is liable to Plaintiffs for the damages caused by the material breaches of the Employment Agreements.

WHEREFORE, Plaintiffs request that this Court:

(a)    Declare Defendant A-PLUS's conduct to be in breach of the agreement amongst the parties;

(b)    Enjoin Defendant from engaging in such future conduct;

5

(c)     Award the Plaintiffs the amount to be determined at trial based on the above-described breach of contract;

(d)     Award costs and attorney's fees;

(e)     Award pre- and post-judgment interest; and

(f)     Grant such other and further relief as may be deemed just and proper by this Court.

## COUNT III

### Unjust Enrichment

21.

Paragraphs 1 through 10 and 16 and 17 are incorporated herein by reference.

22.

Plaintiffs provided valuable services at the request of Defendants and Defendants have refused to pay Plaintiffs for work they performed from December 15, 2011 through March 31, 2012.

23.

Plaintiffs reasonably expected payment in full for the valuable services they provided.

24.

Defendants have unlawfully profited from Plaintiff's valuable services and have refused to pay Plaintiff in whole and/or part and therefore Defendants have been unjustly enriched.

25.

Plaintiffs are entitled to damages as a result of Defendants' unjust enrichment.

6

WHEREFORE, Plaintiff requests that this Court:

(a)     Declare Defendants' conduct tortuous;

(b)     Enjoin Defendants from engaging in such future conduct;

(c)     Award the Plaintiffs amounts to be determined at trial based on the above-described tortuous conduct;

(d)     Award costs and attorney's fees;

(e)     Award pre- and post-judgment interest; and

(f)     Grant such other and further relief as may be deemed just and proper by this Court.

## COUNT IV

### Punitive Damages

26.

Paragraphs 1 through 10, 16 and 17, and 22 through 25 are incorporated herein.

27.

In perpetrating the conduct giving rise to the filing of this Complaint, Defendants have exhibited willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

28.

Under such circumstances, an award of punitive damages is authorized pursuant to O.C.G.A. § 51-12-5.1.

WHEREFORE, Plaintiffs request that this Court award to Plaintiffs from Defendants punitive damages pursuant to O.C.G.A. § 51-12-5.1.

7

## JURY DEMAND

Plaintiffs demand a jury trial for all claims triable by a jury.

Respectfully submitted,

W. EDWIN LITTON, LLC
Attorney for Plaintiffs
3500 Lenox Road
Suite 1500
Atlanta, Georgia 30326
Telephone: 404/419-2484
Facsimile: 770/664-1792

By: W. Edwin Litton

W. EDWIN LITTON
Georgia Bar No. 454905

8